CITY OF CINCINNATI, APPELLANT, v. THOMAS SOFT ICE CREAM, INC., APPELLEE.

(No. C-75714—Decided December 13, 1976.)

*Mr. Thomas A Luebbers, Mr. Paul J. Gorman,* and *Mr. Robert H. Johnstone, Jr.,* for appellant.
*Mr. Kenneth Seibel,* for appellee.

KEEFE, J. This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Hamilton County Municipal Court; a solitary assignment of error; and the briefs and oral arguments of counsel.

On June 18, 1975, the city of Cincinnati filed a complaint against Thomas Soft Ice Cream, Inc., alleging that on February 28, 1972, the defendant company unlawfully

failed to file a Cincinnati Income Tax Return for 1970. The defendant company filed a motion to dismiss the complaint for the reason that the prosecution was barred by R. C. 2901.13, in that the complaint alleged an offense which is a misdemeanor of the first degree which occurred on February 28, 1972. The defendant contends that the prosecution commenced more than two years after the alleged offense and, consequently, is in violation of R. C. 2901.13. The city maintains that Section 311-99 of the Cincinnati Municipal Code, allowing prosecution within *six years* after the commission of the offense, applies and that the prosecution of the ice cream company was in all respects timely. The trial court allowed the company's motion to dismiss the complaint, and this appeal ensued with the city in the role of appellant. (We granted the city's motion for leave to appeal.)

It is noted that Section 311-99 of the Cincinnati Municipal Code in providing for a six year statute of limitations follows R. C. 718.06, found in the chapter of the Revised Code titled Municipal Income Taxes. Thus, the single issue for review presented by the following assignment of error is whether R. C. 2901.13 (two year limitation) or R. C. 718.06(B) (six years) controls the time within which a prosecution must be commenced for an alleged failure under a municipal ordinance to file a municipal income tax return. The effective date of R. C. 718.06 is July 25, 1969, and of R. C. 2901.13, January 1, 1974.

### Assignment Of Error

"The trial court erred in granting appellee's motion to dismiss the complaint as being barred by the limitations contained in §2901.13, Ohio Revised Code."

The conflict between the two statutes is manifest, and furthermore there is *no express repeal* of the statute of limitations feature of the earlier enactment, by the later one.

It is believed that the following texts found in 50 Ohio Jurisprudence 2d 78, Statutes, Section 95, and 50 Ohio Jurisprudence 2d 82, Statutes, Section 101, faithfully present the prevailing law in this state:

Section 95. "Policy Against Implied Repeal.—*Repeals by implication are not favored and have even been declared to be 'abhorred.'* Courts will not hold prior legislation to be repealed by implication by the enactment of subsequent legislation unless the later legislation clearly requires such holding, and it will be assumed that the General Assembly had knowledge of the prior legislation when it enacted the subsequent legislation and that had it intended to nullify the specific terms of the prior legislation it would have expressly repealed it. Implied repeal will not be held to result if there is any other reasonable construction of the enactments in question. Only when reconciliation of the enactments cannot be effected by a fair and reasonable construction does repeal by implication result. If they can stand together, or if both can be enforced concurrently, there is no implied repeal." (Emphasis added.)

Section 101. "*Presumption as to Intent.*—In line with the judicial policy against implied repeals, the presumption is always against the intention to repeal where express terms are not used, unless the General Assembly has entered upon a general policy of legislation in conflict with an earlier statute."

See, also, *Lucas County Commrs.* v. *Toledo* (1971), 28 Ohio St. 2d 214.

Confronted with a general provision (R. C. 2901.13) conflicting with a special provision (R. C. 718.06) the trial court turned to R. C. 1.51, which provides:

"If a general provision conflicts with a special or local provision, they shall be construed, if possible, so that effect is given to both. If the conflict between the provisions in irreconcilable, the special or local provision prevails as an exception to the general provision, *unless the general provision is the later adoption and the manifest intent is that the general provision prevail.*" (Emphasis added.)

R. C. 2901.13 (the two year limitation statute) admittedly is the more recent section. However, before it correctly can be determined to be controlling here, it must be

found that R. C. 2901.13 not only is the more recent enactment, but also that the "manifest intent" of the legislature was that "the general provision prevail." We discover nothing in R. C. 2901.13 announcing that the "manifest intent" of the legislature is that such section prevail over R. C. 718.06, nor has there been demonstrated to us any other section proclaiming such "manifest intent." Manifest is a word of plain and unambiguous meaning. "Manifest intent" is not present if it is not obvious and readily perceived. Moreover, various authorities state categorically that R. C. 1.18 (providing a three year limitation), and R. C. 1905.33 (providing a one year limitation for the prosecution of crimes under ordinances)—both antedating R. C. 718.06—were repealed by R. C. 2901.13[a] No authority brought to our attention indicates a similar repeal of R. C. 718.06. The two sections (R. C. 1.18 and 1905.33) which were repealed were general provisions, whereas R. C. 718.06, not repealed, is a special provision pertaining to a particular subject matter. We believe it is not unreasonable to argue that it was the manifest intent of the General Assembly to *preserve* the existing differential between the general limitation for misdemeanors and the particular limitation for income tax offenses.

We do not consider that there has been a repeal of R. C. 718.06. Finding that the assignment of error contains merit, we sustain it. We reverse the judgment below and remand for further proceedings according to law.

*Judgment reversed.*

SHANNON, P. J., and PALMER, J., concur.

[a]See 15 Ohio Jurisprudence 2d (Supp.) 76, Criminal Law, Section 334; R. C. 1.18 (Supp. 1975) and 1905.33; Sheppard's Ohio Citations, pages 533, 584 (Supp. 1965-1975), and the Ohio Legal Center Institute's Reference Manual for Continuing Legal Education Program for the new Ohio Criminal Code, at page 01-39. In the Institute's publication it is specifically asserted that R. C. 718.06 is *not* changed by House Bill 511—that is, by R. C. 2901.13.