CITY OF SHAKER HEIGHTS, APPELLEE, *v.* HEFFERNAN, APPELLANT.

(No. 55067—Decided March 27, 1989.)

*K. J. Montgomery,* for appellee.
*Edward A. Heffernan, pro se.*

JOHN F. CORRIGAN, J. Defendant-appellant Edward A. Heffernan appeals his conviction for indirect contempt of court in violation of R.C. 2705.02. This conviction arises from an incident which occurred on February 4, 1985, wherein appellant appeared before the Shaker Heights Municipal Court with Phillip Fresenda and entered a plea of no contest on a traffic citation issued to Joseph Fresenda. Appellant assigns four errors.

I

In his first assignment of error, appellant alleges that his prosecution was barred by the statute of limitations. We disagree. For a first offense, indirect contempt then carried a max-

imum penalty of a $250 fine, and/or thirty days' imprisonment. R.C. 2705.05 (1953 code revision). Accordingly, it is a misdemeanor, R.C. 2901.02, which must be prosecuted within two years of its occurrence. R.C. 2901.13(A)(2). Where an indirect contempt citation is premised upon allegations that a fraud was perpetrated upon the court, however, the offense may be prosecuted within one year of discovery of the fraud. R.C. 2901.13 (B). Thus, because appellant was charged with fraud, the discovery rule is applicable and, because this action was commenced within one year of discovery of the alleged fraud, it is not barred by the statute of limitations. In addition, the filing of a related civil suit did not apprise the court of appellant's alleged fraud so we will not impute discovery from the date of filing of the civil suit.

## II

Appellant next claims that his conviction is against the manifest weight of the evidence. In this connection, we note that we need only determine whether the state presented evidence, " 'which, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt.' *Atkins* v. *State* (1926), 115 Ohio St. 542, 546 [155 N.E. 189, 190]." *State* v. *Eley* (1978), 56 Ohio St. 2d 169, 172, 10 O.O. 3d 340, 341, 383 N.E. 2d 132, 134. A reviewing court will not reverse a verdict which is supported by substantial, competent evidence. *Id.*; cf. *State* v. *Brown* (1988), 38 Ohio St. 3d 305, 313, 528 N.E. 2d 523, 535. In addition, questions of credibility are primarily for the trier of fact. *State* v. *DeHass* (1967), 10 Ohio St. 2d 230, 39 O.O. 2d 366, 227 N.E. 2d 212, paragraph one of the syllabus.

In this case, the evidence indicates that appellant knew that he was appearing with Phillip Fresenda and, indeed, had represented Phillip on other matters. Further, while appellant claims that he knew Phillip as "Joseph," he never questioned Phillip as to why the traffic citation was issued to Joseph. Moreover, it is undisputed that even at the point at which appellant contends he learned that he had been "duped," he did not inform the court that Phillip Fresenda had perpetrated a fraud on the court.

Accordingly, the second assignment of error is overruled.

## III

Appellant next contends that the trial court erred in refusing to grant his motion for a continuance which was made immediately before trial. We disagree.

The grant or denial of continuances is discretionary with the trial court. *State* v. *Sowders* (1983), 4 Ohio St. 3d 143, 144, 4 OBR 386, 388, 447 N.E. 2d 118, 120; *State* v. *Unger* (1981), 67 Ohio St. 2d 65, 67, 21 O.O. 3d 41, 43, 423 N.E. 2d 1078, 1080. Factors controlling the exercise of that discretion are:

"* * * the length of the delay requested; whether other continuances have been requested and received; the inconvenience to litigants, witnesses, opposing counsel and the court; whether the requested delay is for legitimate reasons or whether it is dilatory, purposeful, or contrived; whether the defendant [the moving party] contributed to the circumstance which gives rise to the request for a continuance; and other relevant factors, depending on the unique facts of each case. * * *" *Id.* at 67-68, 21 O.O. 3d at 43, 423 N.E. 2d at 1080.

In this case, a relatively long delay was requested, and appellant's unexplained hiring of new counsel was the cause of the request. Moreover, significant inconvenience would have resulted had the request been granted. Accordingly, the third assignment of error is overruled.

## IV

Finally, appellant contends that the trial court committed prejudicial error in limiting his cross-examination of witnesses. We find no merit in this contention. Rather, our review of the record leads us to conclude that the trial court permitted appellant to extensively cross-examine the prosecution's witnesses in order to determine bias, prior bad acts, criminal convictions, etc., but prohibited repetitive questioning. Thus we find no improper restriction in cross-examination. See Evid. R. 403.

For the foregoing reasons, the decision of the lower court is affirmed.

*Judgment affirmed.*

PATTON, P.J., and SWEENEY, J., concur.