The STATE of Ohio, Appellant,

v.

MITCHELL, Appellee.

[Cite as *State v. Mitchell* (1992), 78 Ohio App.3d 613.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 62265.

Decided March 9, 1992.

*Stephanie Tubbs Jones,* Cuyahoga County Prosecuting Attorney, and *David Zimmerman,* Assistant Prosecuting Attorney, for appellant.

*Susan Grossman,* for appellee.

*Per Curiam.*

The state appeals trial court's determination that the statute of limitations pursuant to R.C. 2901.13 had expired and the subsequent granting of defendant-appellee Gloria Mitchell's motion to dismiss. For the reasons adduced below, we affirm.

A review of the record reveals that Mitchell was indicted on two counts of theft in violation of R.C. 2913.02. The date of the offense on the first count was from February to December 1982. The date of the offense on the second count was from January 1983 to May 1984.

Mitchell was also indicted on a third count of trafficking in food stamps in violation of R.C. 2913.46 for the period of time July 1983 to May 1984. The three counts were premised on the allegation that Mitchell had received food stamps when she was not eligible for the benefit.

The administrative agency responsible for the benefits became aware of each of these violations on June 22, 1988. The indictment was filed on August 23, 1990.

On April 23, 1991, Mitchell filed a motion to dismiss, alleging that the statute of limitations had expired. This motion was heard on May 24, 1991, in open court. The trial court granted the motion after determining that R.C. 2901.13(B) had not been followed by the state, and dismissed the case on July 25, 1991. This appeal by the state, raising one assignment of error, followed:

"The trial court erred in granting the motion to dismiss and ruling that the time period under the statute of limitations, R.C. 2901.13, had expired."

The Supreme Court recently stated in *State v. Hensley* (1991), 59 Ohio St.3d 136, 137, 571 N.E.2d 711, 713,

"R.C. 2901.13 is a general statute of limitations which prescribes the time within which criminal prosecutions must be brought by the state, and provides in part:

" '(A) *Except as otherwise provided in this section, a prosecution is barred unless it is commenced within the following periods after an offense is committed:*

" '(1) For a felony other than aggravated murder or murder, six years[.]'

"Thus, the plain wording of the statute requires that *felony prosecutions* (other than aggravated murder or murder) *must be brought within six years from the date the offense is committed.* However, by use of the phrase '[e]xcept as otherwise provided in this section,' the General Assembly has afforded the state *certain statutory exceptions to the absolute bar,* and has done so in the form of specialized rules and tolling provisions. Indeed, the

legislature has enumerated these rules and *tolling exceptions in the succeeding paragraphs of R.C. 2901.13.* For example, *R.C. 2901.13(B) provides a special rule extending the time period for the commencement of prosecution for an offense of which an element is fraud* or breach of fiduciary duty. * * * "[1]  (Emphasis added.)

█ The state argues that R.C. 2901.13(F) tolled the start of the six-year statute of limitations contained in R.C. 2901.13(A)(1) until the date of discovery on June 22, 1988, by the administrative agency.[2]  Thus, the state believes that it had until June 22, 1994, to return an indictment.

The defendant-appellee urges this court to agree with the trial court's application of *State v. Dauwalter* (C.P.1988), 43 Ohio Misc.2d 17, 540 N.E.2d 336, in this welfare fraud case and reconcile R.C. 2901.13(B) and (F) as the *Dauwalter* court did. In *Dauwalter,* the fraud was discovered four to five months after the offense occurred, but the indictment was not returned until five years and eight months after discovery, and slightly over six years from the occurrence of the fraud. The state in *Dauwalter,* as in this case, argued that R.C. 2901.13(F) applied to toll the statute of limitations for a period of six years from the date of discovery, thereby rendering the indictment valid.

The court in *Dauwalter* stated the following:

"Defendant argues that prosecution is barred under subsections (A) and (B) unless the indictment is returned either: *(1)* within the original six-year period if the fraud is discovered *sooner* than five years from the date of the offense (as in the present case); or *(2)* within one year after discovery of the offense when discovery occurs at some time during the fifth year of the six-year limitation designated by subsection (A); or *(3)* within one year after discovery of the offense if discovery occurs after the six-year limit has run.

*"To rule otherwise would mean that subsection (B), which sets forth the one-year limitation, would never apply under any circumstances.* Under the state's interpretation, and its reliance upon the tolling aspect of subsection (F), the state could file charges within six years of the 'discovery' of an

---

**1.** R.C. 2901.13(B) provides: "If the period of limitation provided in division (A) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by his legal representative who is not himself a party to the offense."

R.C. 2901.13(E) provides in pertinent part: "A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first. * * * "

**2.** R.C. 2901.13(F) provides: "The period of limitation shall not run during any time when the corpus delicti remains undiscovered."

offense no matter how far back the offense occurred. In the hypothetical situation where one assumed a fraud was discovered twenty years after its commission, the state would argue under subsection (F) that it could return an indictment for up to six years thereafter, or within a period of twenty-six years after the commission of the offense. *Subsection (B) in such instance would be superfluous and could never be applied because the state would always have six full years from 'discovery,' and this time would always eclipse the one-year restriction under subsection (B). The court can not believe the legislature intended to enact a superfluous provision of the statute in question.* It is apparent subsections (B) and (F) are in conflict and irreconcilable under such a stringent interpretation.

"Defendant cites the case of *State v. Young* (1981), 2 Ohio App.3d 155, 2 OBR 171, 440 N.E.2d 1379, for the proposition that the state's indictment is untimely. The holding in *Young* is twofold. First, a 'five month investigatory period' is too long and an unreasonable period of time for completion of a 'discovery of the offense' to come within the 'one-year saving provision of R.C., 2901.13(B).' *Id.*

"Second, '[t]he State bears the burden of proving that the time when the crime was committed comes within the appropriate statute of limitations.' *Id.* The issue of proper time limitation is jurisdictional. See *Cleveland v. Hirsch* (1971), 26 Ohio App.2d 6, 55 O.O.2d 26, 268 N.E.2d 600. In statutory construction, special provisions of the Revised Code are presumed to take precedence over general provisions. See *Cincinnati v. Thomas Soft Ice Cream* (1976), 54 Ohio App.2d 61, 8 O.O.3d 63, 374 N.E.2d 646. Criminal laws are mandated to be strictly construed under R.C. 2901.13(A). The holding in *Young* makes it clear the state bears the burden of proof in a time-limitation case. In light of the express Committee Comments to H.B. No. 511 and R.C. 2901.13, which indicate the legislative intent in providing time limitations is to 'discourage inefficient or dilatory law enforcement,' it appears defendant's motion is well-taken and ought to be granted." (Emphasis added.) *Id.*, 43 Ohio Misc.2d at 17–18, 540 N.E.2d at 337.[3]

Were we to endorse the state's argument, the intent of the General Assembly in enacting R.C. 2901.13, particularly in cases dealing with fraud, to wit, to discourage inefficient and dilatory law enforcement, would be frustrated and R.C. 2901.13(B) would be ineffectual and superfluous.

---

**3.** This court has held that in cases premised on allegations of fraud, R.C. 2901.13(B) applies. See *Shaker Hts. v. Heffernan* (1989), 48 Ohio App.3d 307, 549 N.E.2d 1231, motion to certify overruled (1989), 44 Ohio St.3d 713, 542 N.E.2d 1109.

Therefore, we affirm the trial court's determination to apply the *Dauwalter* reasoning to this case.

In the present case, but for the tolling provisions, the first count would ordinarily have to be commenced prior to December 1988, the second count by May 1990, and the third county by May 1990. R.C. 2901.13(A)(1).

■ On the first count, since the discovery of the fraud occurred on June 22, 1988, the limitations period was extended until June 22, 1989, pursuant to the second criterion enunciated by *Dauwalter.* The indictment was filed on August 23, 1990, thirteen months past the statute of limitations deadline, and was therefore not timely.

■ The second and third counts present a set of circumstances covered by the first criterion set forth in *Dauwalter,* since the fraud was discovered sooner than five years from the occurrence. The period of limitations ran for six years from the month of May 1984, lapsing in May 1990. The indictment was filed approximately three months after the running of the statute of limitations, thereby rendering the indictments invalid.

*Judgment affirmed.*

MATIA, C.J., JAMES D. SWEENEY and BLACKMON, JJ., concur.