*121 Lundberg Stratton, J.
I. Introduction
{¶ 1} The instant case involves a felony offense that includes an element of fraud where the corpus delicti of the offense was not discovered until approximately three years after the offense was committed. There are two questions for our review. The first is whether R.C. 2901.13(F) tolls the criminal statute of limitations for such an offense while the corpus delicti remains undiscovered. The second is whether R.C. 2901.13(B)(1) provides a one-year statute of limitations for an offense that includes an element of fraud.
{¶ 2} We hold that the one-year limitation period in R.C. 2901.13(B)(1) is not applicable to the facts in the instant case. We also hold that pursuant to R.C. 2901.13(F), the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run for a felony offense that contains an element of fraud only after the corpus delicti of the offense is discovered. Accordingly, we affirm the judgment of the court of appeals.
II. Facts and Procedure
{¶ 3} In December 2000, the pastor at the United Methodist Church in Metamora, Ohio announced to the congregation that Esther Benfer intended to donate her farm to the church.
{¶ 4} In May 2001, appellant, Linda S. Cook, who was a practicing attorney at the time, met with Benfer to discuss estate planning. Toledo Bar Assn. v. Cook, 114 Ohio St.3d 108, 2007-Ohio-3253, 868 N.E.2d 973, ¶ 6. Benfer informed Cook that she wanted to donate her farm to the church, but she wanted to be able to live on the farm as long as her health permitted. Id. at ¶ 10. Cook advised Benfer that she could qualify for Medicaid coverage by divesting herself of the farm three years before she applied to Medicaid for nursing-home care.
{¶ 5} Cook drafted a quitclaim deed giving title to the farm to herself as trustee, while reserving a life estate in Benfer. Cook at ¶ 12. That deed purported to be executed and witnessed on May 20,1998, but it was not filed until July 12, 2001.
{¶ 6} Subsequently, Cook struck the word “trustee” from the deed, inserted the word “married,” and rerecorded it on September 10, 2001. She also added to the deed the phrase “being rerecorded to correct Grantee marital status.” Cook claimed to have made this change because “she had mistakenly given the farm to herself as trustee, rather than to herself personally in accordance with [Benfer’s] wishes.” Cook at ¶ 20.
{¶ 7} Cook filed a third deed on December 13, 2001, which purported to transfer the farm from Cook to the church, with a life estate for Benfer.
*122 {¶ 8} Finally, Cook filed a fourth deed on September 8, 2004, which again purported to transfer the farm from Cook to the church, with a life estate reserved for Benfer.
{¶ 9} In January 2004, the church trustees received a contract that purported to transfer the farm to the church. An attorney advised the church trustees that they should go to the Fulton County Recorder’s Office to see how the deed was recorded. In February 2004, the church trustees searched deeds at the Fulton County Recorder’s Office but found no deed transferring the farm to the church. Instead, they discovered the first deed — the deed that transferred the farm to Cook as trustee — and the second deed — the deed that put the farm in Cook’s name personally.
{¶ 10} In April 2004, the Toledo Bar Association received a grievance alleging disciplinary violations against Cook regarding these deeds. In April 2005, the bar association certified a disciplinary complaint against Cook with the Board of Commissioners on Grievances and Discipline of the Supreme Court of Ohio.
{¶ 11} A panel of the board issued findings of fact and conclusions of law and determined that Cook had violated various Disciplinary Rules, inter alia, by intentionally backdating the first deed and changing the grantee designation on the second deed. The board adopted the findings of misconduct and recommended that Cook be disbarred. In Cook, 114 Ohio St.3d 108, 2007-Ohio-3253, 868 N.E.2d 973, the court disbarred her.
{¶ 12} In October 2006, the bar association reported its findings to the Lucas County Prosecutor’s Office.
{¶ 13} On July 18, 2007, a grand jury returned a two-count indictment against Cook, charging her with tampering with records in violation of R.C. 2913.42(A)(1) and (B)(4) and with theft from an elderly person in violation of R.C. 2913.02(A)(2) and (B)(3).
{¶ 14} R.C. 2913.42(A)(1) provides, “No person, knowing the person has no privilege to do so, and with the purpose to defraud or knowing that the person is facilitating a fraud, shall * * * [f]alsify, destroy, remove, conceal, alter, deface, or mutilate any writing, computer software, data, or record.” Under R.C. 2913.42(B)(4), tampering with records is a third-degree felony if the record is kept by a local, state, or federal governmental entity.
{¶ 15} Cook moved to dismiss the tampering-with-records charge pursuant to the six-year statute of limitations for felonies in R.C. 2901.13(A)(1)(a). Cook alleged that the crime occurred when she filed the first deed on July 12, 2001, and that the state did not file charges against her until the July 18, 2007 indictment, six days after the six-year statute of limitations had expired. The trial court granted Cook’s motion and dismissed the charge.
*123 {¶ 16} The court of appeals found that “the corpus delicti of the tampering-with-records charge in relation to the filing of the July 12, 2001 deed was not known until, at the earliest, February 2004, when the church trustees discovered irregularities in the deeds.” State v. Cook, 184 Ohio App.3d 382, 2009-Ohio-4917, 921 N.E.2d 258, ¶ 37. Applying the tolling provision in R.C. 2901.13(F), the court of appeals held that the six-year statute of limitations in R.C. 2901.13(A)(1)(a) did not begin to run until February 2004. Id. at ¶ 42. Accordingly, the court of appeals reversed the judgment dismissing the tampering-with-records charge, holding that the indictment returned against Cook on July 18, 2007, was timely.
{¶ 17} The court of appeals certified that a conflict existed between its decision and the decisions in State v. Mitchell (1992), 78 Ohio App.3d 613, 605 N.E.2d 978, an Eighth Appellate District case, and State v. Stephens (July 25, 1997), Clark App. No. 96 CA 0117, 1997 WL 435694, a Second Appellate District case.
{¶ 18} This court determined that a conflict existed and ordered that the parties brief the following issue: “Whether R.C. 2901.13(F) operates to toll the six-year period of limitations provided for in R.C. 2901.13(A) so that it extends beyond six years from the date upon which a felony offense was committed where the corpus delicti of the offense is discovered within the period of limitations and more than one year prior to expiration of the limitation period.” State v. Cook, 124 Ohio St.3d 1440, 2010-Ohio-188, 920 N.E.2d 371.
{¶ 19} Cook argues that she committed the tampering-with-records offense on July 12, 2001, when she filed the first deed, although the corpus delicti was not discovered until February 2004. Nevertheless, relying on our decision in State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A. (1999), 85 Ohio St.3d 582, 709 N.E.2d 1192, she argues that the tolling provision in R.C. 2901.13(F) is not applicable. Instead, she argues that pursuant to Climaco, the six-year statute of limitations for felony offenses in R.C. 2901.13(A)(1)(a) began to run from the date of the offense on July 12, 2001, and therefore the state’s July 18, 2007 indictment was not timely filed.
{¶ 20} Alternatively, Cook argues that R.C. 2901.13(B)(1) provides a tolling provision and one-year limitation period specifically for offenses that include an element of fraud, while R.C. 2901.13(F) provides a general tolling provision. Cook argues that because the offense herein includes an element of fraud, R.C. 2901.13(B)(1) provides the applicable tolling provision and one-year limitation period running from the date of discovery. Thus, Cook argues that the state had only one year from February 2004 in which to file charges and therefore the July 18, 2007 indictment was not timely filed.
{¶ 21} The state argues that the tolling provision and one-year limitation period in R.C. 2901.13(B)(1) do not apply to the facts in the instant case. The state also argues that Climaco is distinguishable from this case and therefore *124 does not preclude application of the tolling provision in R.C. 2901.13(F). Thus, the state argues that the six-year statute of limitations in R.C. 2901.13(A)(1)(a) applies and that the state had six years from February 2004 in which to file charges against Cook. Therefore, the state argues, its July 18, 2007 indictment of Cook was timely.
{¶ 22} We agree with the state.
III. Analysis
{¶ 23} We begin our analysis with a brief review of the definition of the corpus delicti of a criminal offense. This court has stated that the “corpus delicti” of a crime is “the body or substance of the crime and usually [has] two elements: (1) the act itself, and (2) the criminal agency of the act.” State v. Hensley (1991), 59 Ohio St.3d 136, 138, 571 N.E.2d 711, citing State v. Black (1978), 54 Ohio St.2d 304, 307, 8 O.O.3d 296, 376 N.E.2d 948. “For example, when the offense is homicide, the corpus delicti ‘involves two elements, i.e., (1) the fact of death and (2) the existence of the criminal agency of another as the cause of death.’ ” State v. Van Hook (1988), 39 Ohio St.3d 256, 261, 530 N.E.2d 883, quoting State v. Manago (1974), 38 Ohio St.2d 223, 226-227, 67 O.O.2d 291, 313 N.E.2d 10. The corpus delicti is relevant in this case because a criminal statute of limitations may be tolled when the corpus delicti of the offense is not immediately discoverable. See Hensley, 59 Ohio St.3d at 140, 571 N.E.2d 711 (“the corpus delicti of crimes involving child abuse or neglect is discovered when a responsible adult, as listed in R.C. 2151.421, has knowledge of both the act and the criminal nature of the act”).
{¶ 24} Next we examine the general statute of limitations for criminal offenses found in R.C. 2901.13:
{¶ 25} “(A)(1) Except as provided in division (A)(2) or (3) of this section or as otherwise provided in this section, a prosecution shall be barred unless it is commenced within the following periods after an offense is committed:
{¶ 26} “(a) For a felony, six years;
{¶ 27} “ * * *
{¶ 28} “(B)(1) Except as otherwise provided in division (B)(2) of this section, if the period of limitation provided in division (A)(1) or (3) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by the aggrieved person’s legal representative who is not a party to the offense.
{¶ 29} “ * * *
*125 {¶ 30} “(F) The period of limitation shall not run during any time when the corpus delicti remains undiscovered.”
{¶ 31} “ ‘In construing a statute, a court’s paramount concern is the legislative intent. In determining legislative intent, the court first reviews the applicable statutory language and the purpose to be accomplished.’ ” Fisher v. Hasenjager, 116 Ohio St.3d 53, 2007-Ohio-5589, 876 N.E.2d 546, ¶ 20, quoting State ex rel. Watkins v. Eighth Dist. Court of Appeals (1998), 82 Ohio St.3d 532, 535, 696 N.E.2d 1079. Courts are “required to apply the plain language of a statute when it is clear and unambiguous.” Jaques v. Manton, 125 Ohio St.3d 342, 2010-Ohio-1838, 928 N.E.2d 434, ¶ 14, citing State v. Lowe, 112 Ohio St.3d 507, 2007-Ohio-606, 861 N.E.2d 512, ¶ 9.
{¶ 32} “Generally, statutes of limitations begin to run when the crime is complete.” State v. Swartz (2000), 88 Ohio St.3d 131, 133, 723 N.E.2d 1084, citing Toussie v. United States (1970), 397 U.S. 112, 115, 90 S.Ct. 858, 25 L.Ed.2d 156. And unless charges are commenced against the accused prior to the expiration of the limitation period, the state is barred from prosecuting the accused. R.C. 2901.13(A)(1).
{¶ 33} However, “the General Assembly has afforded the state certain statutory exceptions to the absolute bar, and has done so in the form of specialized rules and tolling provisions.” Hensley, 59 Ohio St.3d at 137, 571 N.E.2d 711. One of these exceptions is the tolling provision found in R.C. 2901.13(F), which provides that the “period of limitation shall not run during any time when the corpus delicti remains undiscovered.” The language in R.C. 2901.13(F) is unequivocal and contains no exception, qualification, or limitation regarding the offense to which it applies, nor does it contain any exception for acts of fraud. See generally Hensley, at 137. Thus, we hold that pursuant to R.C. 2901.13(F), for a felony offense that contains an element of fraud, the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run only after the corpus delicti of that offense is discovered.

State v. Climaco

{¶ 34} Cook argues that pursuant to State v. Climaco, Climaco, Seminatore, Lefkowitz & Garofoli Co., L.P.A., 85 Ohio St.3d 582, 709 N.E.2d 1192, if the corpus delicti of an offense is discovered before the applicable statute of limitations expires, then the tolling provision in R.C. 2901.13(F) does not apply. Instead, Cook claims that the state has the time remaining on the applicable limitation period running from the date that the criminal act occurred within which to charge the defendant. We hold that the decision in Climaco is not applicable and should be limited to its facts.
*126 {¶ 35} In Climaeo, the state charged a law firm with falsification (R.C. 2921.13(A)(7)) on February 1, 1996, for improperly reporting honoraria in 1993. Id. at 584. The law firm argued that the two-year statute of limitations for a misdemeanor offense found in R.C. 2901.13(A)(2) had expired. The state argued that R.C. 2901.13(F) applied to toll the running of the two-year statute of limitations, because the criminal agency of the falsification did not surface until February 1994, and therefore the February 1, 1996 indictment was timely filed.
{¶ 36} Because the alleged violations regarding the honoraria were so well publicized, the court refused to give the state the benefit of the tolling provision of R.C. 2901.13(F), stating that if it did so under the circumstances of that case, “the purposes and principles governing criminal statutes of limitation would be defeated.” Id. at 587.
{¶ 37} The present case can be distinguished because here, unlike in Climaeo, there was no media spotlight or report to alert the authorities or parties to investigate. The corpus delicti of the offense in the instant case is found only in the deeds that were created and filed by Cook. Finally, the parties agree that the corpus delicti of the offense herein was not discovered until February 2004, the date that the church trustees discovered the deeds transferring Benfer’s farm to Cook. Accordingly, the policy reasons supporting Climaeo do not exist here. See id. at 586 (“the intent of R.C. 2901.13 is to discourage inefficient or dilatory law enforcement rather than to give offenders the chance to avoid criminal responsibility for their conduct”). Therefore, we hold that Climaeo is not controlling in the instant case, and we limit Climaeo to its facts.

R.C. 2901.13(F) and 2901.13(B)(1) Do Not Conflict

{¶ 38} Cook argues that even if the running of the statute of limitations was tolled until February 2004, R.C. 2901.13(B)(1) provided the state only one year thereafter within which to file charges. In support of this argument, Cook argues that R.C. 2901.13(F) and 2901.13(B)(1) conflict because R.C. 2901.13(F) is a general tolling provision that applies to any offense, while R.C. 2901.13(B)(1) is a specific tolling provision that applies only to an offense that contains an element of fraud. Because the offense in this case contains an element of fraud, Cook argues that the specific provision, R.C. 2901.13(B)(1), applies to provide the state one year within which to file charges after the corpus delicti of the offense was discovered. Cook argues that because the state did not file the indictment against Cook within that year, the indictment was not timely filed.
{¶ 39} The state argues that R.C. 2901.13(B)(1) does not apply to the facts in this case. Again, we agree with the state.
{¶ 40} R.C. 2901.13(B)(1) provides:
*127 {¶ 41} “Except as otherwise provided in division (B)(2) of this section, if the period of limitation provided in division (A)(1) or (3) of this section has expired, prosecution shall be commenced for an offense of which an element is fraud or breach of a fiduciary duty, within one year after discovery of the offense either by an aggrieved person, or by the aggrieved person’s legal representative who is not a party to the offense.”
{¶ 42} As previously discussed, R.C. 2901.13(F) provides:
{¶ 43} “The period of limitation shall not run during any time when the corpus delicti remains undiscovered.”
{¶ 44} R.C. 1.51 directs us to first construe conflicting statutory provisions, where possible, to give effect to both. Only where the conflict is irreconcilable does R.C. 1.51 mandate that one provision prevail over the other. We have judicially recognized similar rules of statutory construction:
{¶ 45} “ ‘First, all statutes which relate to the same general subject matter must be read in pan materia. And, in reading such statutes in pari materia, and construing them together, this court must give such a reasonable construction as to give the proper force and effect to each and all such statutes. The interpretation and application of statutes must be viewed in a manner to carry out the legislative intent of the sections. All provisions of the Revised Code bearing upon the same subject matter should be construed harmoniously. This court in the interpretation of related and co-existing statutes must harmonize and give full application to all such statutes unless they are irreconcilable and in hopeless conflict.’ ” (Citations omitted.) United Tel. Co. of Ohio v. Limbach (1994), 71 Ohio St.3d 369, 372, 643 N.E.2d 1129, quoting Johnson’s Mkts., Inc. v. New Carlisle Dept. of Health (1991), 58 Ohio St.3d 28, 35, 567 N.E.2d 1018.
{¶ 46} Applying these principles, we hold that R.C. 2901.13(B)(1) and (F) do not irreconcilably conflict and that each applies to a particular situation independent of the other.
{¶ 47} R.C. 2901.13(B)(1) gives the state a year within which to file charges when an offense involving fraud or breach of a fiduciary duty is discovered by an “aggrieved party.” R.C. 2901.13(F) contains no such qualification. It defies common sense that the General Assembly would give felony offenses a six-year statute of limitations upon discovery of the corpus delicti of the offense, yet limit victims of fraud to only one year.
{¶ 48} Reading these provisions in pari materia, a logical construction is that R.C. 2901.13(F) tolls the statute of limitations for all criminal offenses, including offenses involving an element of fraud, from the date the offense is committed until the corpus delicti of that offense is discovered. But when an offense *128 involving an element of fraud or breach of fiduciary duty is committed against multiple parties, who may not even know each other, the offense may be discovered by some of the aggrieved parties but remain concealed to others. To the aggrieved party or parties who only later discover the offense, R.C. 2901.13(B)(1) provides the state one additional year in which to file charges against the defendant, even if the statute of limitations from the initial discovery has expired.
{¶ 49} For example, if victim A discovers a felony offense involving fraud, the state has six years from the date of victim A’s discovery to file charges pursuant to R.C. 2901.13(F). However, if victim B discovers the corpus delicti of the same felony offense one day after the statute of limitations has run as to victim A, R.C. 2901.13(B)(1) provides the state one additional year from the date of victim B’s discovery of the offense within which to file charges.
{¶ 50} Thus, harmonizing these provisions, we hold that when a person who is aggrieved by a crime that includes an element of fraud or breach of a fiduciary duty discovers the corpus delicti of that offense, R.C. 2901.13(B)(1) provides the state one additional year within which to file charges from the date that the aggrieved party discovers the corpus delicti of the offense.

The Indictment Was Timely Filed

{¶ 51} The court of appeals held that the corpus delicti of the tampering-with-records offense was discovered in February 2004, the date that the church trustees discovered the deeds that transferred Benfer’s farm to Cook. The parties also accept February 2004 as the discovery date of that offense. Because deeds are filed in a government office, tampering with them is a third-degree felony pursuant to R.C. 2913.42(B)(4). Felony offenses have a six-year statute of limitations. R.C. 2901.13(A)(1)(a). Thus, the indictment filed against Cook on July 18, 2007, was within the six-year statute of limitations. R.C. 2901.13(B)(1) is not implicated, nor are its protections required, because nearly three years remained on the statute of limitations in R.C. 2901.13(A)(1)(a). Accordingly, we affirm the judgment of the court of appeals.

Answer to the Certified Question

{¶ 52} The question certified to this court was “[wjhether R.C. 2901.13(F) operates to toll the six-year period of limitations provided for in R.C. 2901.13(A) so that it extends beyond six years from the date upon which a felony offense was committed where the corpus delicti of the offense is discovered within the period of limitations and more than one year prior to expiration of the limitation period.” Cook, 124 Ohio St.3d 1440, 2010-Ohio-188, 920 N.E.2d 371. Our answer to this question requires more than a yes or no response. Our analysis concludes that pursuant to R.C. 2901.13(F), for a felony offense that contains an element of *129 fraud, the six-year statute of limitations in R.C. 2901.13(A)(1)(a) begins to run only after the corpus delicti of that offense is discovered. The one-year limitation period in R.C. 2901.13(B)(1) applies only when an aggrieved party discovers an offense that contains an element of fraud after the statute of limitations has expired.
Certified question answered and judgment affirmed.
O’Connor, O’Donnell, and Cupp, JJ., concur.
Lanzinger, J., concurs in judgment only.
Brown, C.J., and Pfeifer, J., dissent.