[THE STATE, EX REL.] COLLINS, PROS. ATTY., *v* O'FARRELL, JUDGE.

[Cite as *State, ex rel. Collins, v. O'Farrell*
(1991), 61 Ohio St.3d 142.]

(No. 90–1878—Submitted April 23, 1991—Decided July 10, 1991.)

*Ronald L. Collins,* relator, prosecuting attorney, *pro se.*

*Johnson & Johnson Co., L.P.A.,* and *Robert C. Urban, Jr.,* Assistant Law Director, for respondent.

*Arthur M. Ney, Jr.,* prosecuting attorney, and *William E. Breyer,* urging allowance for *amicus curiae,* Ohio Prosecuting Attorneys Association.

---

*Per Curiam.* To obtain the requested writ of prohibition, relator must show that the respondent has exercised judicial or quasi-judicial power, that the exercise of power was unauthorized by law, and that the relator has no adequate remedy at law. *State, ex rel. Fyffe, v. Pierce* (1988), 40 Ohio St.3d 8, 531 N.E.2d 673. Respondent's order is plainly an exercise of judicial power, and he concedes that relator lacks an adequate legal remedy. Thus, the sole issue is whether the order was unauthorized by law. We conclude that it was, and therefore allow the writ.

Although grand jury proceedings are secret, see Crim.R. 6(E), an accused may inspect grand jury transcripts if the ends of justice require it and if he can show that he has a particularized need for them that outweighs the reasons for secrecy. *State v. Patterson* (1971), 28 Ohio St.2d 181, 57 O.O.2d 422, 277 N.E.2d 201, paragraph three of the syllabus; *State v. Greer* (1981), 66 Ohio St.2d 139, 20 O.O.3d 157, 420 N.E.2d 982, paragraph two of the syllabus. Regarding the standards when an accused may see the transcripts of grand jury testimony, relator contends that the standards were set forth in *Petition for Disclosure of Evidence* (1980), 63 Ohio St.2d 212, 17 O.O.3d 131, 407 N.E.2d 513. In his first proposition of law, relator argues that a municipal court may not order a prosecutor to produce grand jury transcripts, because only the common pleas court that supervised the grand jury has power to release such transcripts.

We agree with relator that *Petition for Disclosure* controls this case. In *Petition for Disclosure,* paragraph two of the syllabus, we held: "A petition

to the court which supervised a grand jury is the proper means of obtaining release of grand jury materials." We stated that the petition must be directed to the supervising court, because that court "is in the best position to assess the need for secrecy * * *." *Id.* at 218, 17 O.O.3d at 135, 407 N.E.2d at 518. "* * * Indeed, those who seek grand jury transcripts have little choice other than to file a request with the court that supervised the grand jury, as it is the only court with control over the transcripts." *Douglas Oil Co. of California v. Petrol Stops Northwest* (1979), 441 U.S. 211, 225, 99 S.Ct. 1667, 1676, 60 L.Ed.2d 156, 169.

The municipal court has no supervising authority over the grand jury; rather, "the grand jury * * * is under the control and direction of the court of common pleas * * *." *State v. Schwab* (1924), 109 Ohio St. 532, 143 N.E. 29, paragraph one of the syllabus. Thus, "the court which supervised * * * [the] grand jury," *Petition for Disclosure, supra,* is the common pleas court, and any petition for disclosure must be filed there.

Respondent relies on *Greer, supra,* paragraph one of the syllabus: "Disclosure of grand jury testimony, other than that of the defendant and co-defendant, is controlled by Crim.R. 6(E) * * * and the release of any such testimony for use prior to or during trial is within the discretion of the *trial court.*" (Emphasis added.) Respondent argues that the municipal court is "the trial court" in this case and therefore may order the production of grand jury materials.

In *Greer,* however, the trial court was the common pleas court. See *State v. Greer* (Mar. 26, 1980), Hamilton App. Nos. C–780404, C–780405 and C–780423, unreported. Thus, *Greer*'s reference to "the trial court" is quite consistent with *Petition for Disclosure.* Nor did *Greer* discuss whether the previous term's holding in *Petition for Disclosure* should be expanded to include municipal courts. *Greer* did not, simply by speaking of "the trial court," confer brand-new powers upon municipal judges to grant access to grand jury materials otherwise beyond their control.

Although we spoke in *Greer* of "the trial court," Crim.R. 6(E), the rule interpreted and applied in *Greer,* makes no mention of "the trial court." Instead, it says: "A * * * prosecuting attorney * * * may disclose matters occurring before the grand jury * * * only when so directed by *the court* preliminary to or in connection with a judicial proceeding * * *." (Emphasis added.)

Elsewhere in Crim.R. 6, the word "court" refers to the supervising court. For instance, Crim.R. 6(E) itself states in part: "* * * The court may direct that an indictment shall be kept secret until the defendant is in custody or has been released pursuant to Rule 46. In that event the clerk shall seal the

indictment * * *." "The court" in this provision must be the common pleas court, for Crim.R. 6(F) requires that the indictment be returned to the judge of the common pleas court and filed with the clerk of that court.

Other parts of Crim.R. 6 also refer to the supervising court as simply "the court." For instance, Crim.R. 6(B)(1) states that challenges to the array of grand jurors "shall be made before the administration of the oath to the jurors and shall be tried by the court." Since challenges must be made before the grand jurors are sworn, they clearly must be made in the supervising court. Similarly, Crim.R. 6(G) and (H) provide for "the court" to discharge the grand jury, extend its service, excuse grand jurors, and impanel alternates. All these are supervisory functions; as such, they belong to the common pleas court. Finally, Crim.R. 6(F) commands the grand jury foreman to report to "the court" when the grand jury declines to indict a defendant who is in custody or on bail. Obviously the foreman is intended to report to the supervising court.

Thus, when Crim.R. 6 speaks of "the court," it consistently uses those words to mean the supervising court. We see no reason to read Crim.R. 6(E) differently. Since the rule authorizes the supervising court and no other to inspect and release grand jury transcripts, respondent's order that relator produce the transcripts for inspection and possible release by the municipal court is unauthorized by law.

This does not mean that the municipal court may play no role in deciding whether to disclose grand jury transcripts. In *Petition for Disclosure, supra*, 63 Ohio St.2d at 218–219, 17 O.O.3d at 135, 407 N.E.2d at 518, we recognized that, while " * * * [t]he supervisory court is in the best position to assess the need to preserve secrecy * * *," it "may not be in the best position to decide the extent of need * * * " where, as here, the transcripts are sought for use in a different court. In such cases, the supervising court may find it necessary to arrange "a cooperative effort" with the other court "such as those discussed in *Douglas Oil, supra* * * *." *Petition for Disclosure, supra*, at 220, 17 O.O.3d at 136, 407 N.E.2d at 519.

In *Douglas Oil Co.*, the United States Supreme Court said that, in some circumstances, the supervising court should make a written evaluation of the need for secrecy and send the grand jury transcripts to the court in which the moving party seeks to use the transcripts. That court may then weigh the supervising court's evaluation of the need for secrecy against its own evaluation of the need for disclosure. See *Douglas Oil Co.*, 441 U.S. at 230–231, 99 S.Ct. at 1678–1679, 60 L.Ed.2d at 172. " * * * In this way, both the need for continued secrecy and the need for disclosure * * * [can be] evaluated by the

courts in the best position to make the respective evaluations." *Id.* at 231, 99 S.Ct. at 1679, 60 L.Ed.2d at 172.

Thus, if the supervising court first finds that it cannot assess the movant's need for the material, it may call upon the municipal court to take part in the decision. See *Petition for Disclosure, supra.* But in no case may a municipal court simply order disclosure on its own; therefore, the municipal court could not order relator to produce the transcripts for possible disclosure. Relator's first proposition of law is sustained,[2] and the writ of prohibition is allowed.

*Writ allowed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.

---

2. In his second proposition of law, relator argues that a court may inspect grand jury transcripts only after the movant shows particularized need, not before. As relator is entitled to the writ on the strength of his first proposition of law, we do not reach his second.