DECISION AND JUDGMENT ENTRY
This is an appeal from the judgment of the Scioto County Court of Common Pleas, Juvenile Division, which ordered Appellant the State of Ohio to disclose to Appellee Kenneth E. Coleman, III, testimony from grand jury proceedings involving appellee's father. Appellant argues that the juvenile court was without authority to order the disclosure of the grand jury testimony and that appellee failed to show a need for the testimony.
We agree with appellant and reverse the judgment of the juvenile court.
Statement of the Facts and Procedural Posture
This case arises out of an unfortunate, yet all-too-common, incident occurring at children's athletic competitions across the country: verbal and physical altercations between adult spectators and coaches. But, in this case, a child also became embroiled in the altercation. See Edward Wong, New Rules for Soccer Parents: 1) No Yelling, 2) No Hitting Ref., N.Y. Times, May 6, 2001, 1 (discussing the rise in parental misbehavior at youth athletic events).
In October 2000, a complaint against Appellee Kenneth E. Coleman, III, was filed in the Scioto County Court of Common Pleas, Juvenile Division. The state alleged in its complaint that appellee, who was then seventeen years of age, was a delinquent child because he knowingly caused or attempted to cause physical harm to Chris Rapp, a baseball coach for West High School. Evidently, appellee kicked, or attempted to kick, Mr. Rapp during a physical struggle that was ongoing between Mr. Rapp and appellee's father, Kenneth E. Coleman, Jr. These alleged acts, if committed by an adult, would constitute the first-degree misdemeanor crime of assault, a violation of R.C. 2151.02 and 2903.13(A) and (C).
The case against appellee's father was presented to the Scioto County Grand Jury for a possible felony indictment for his involvement in the incident with Mr. Rapp. The grand jury proceedings included the testimony of a majority of the witnesses who were seemingly needed to prove the delinquency case against appellee. The grand jury returned a misdemeanor indictment against appellee's father.
Subsequent to the complaint against appellee being filed, appellee sought discovery from the state seeking, among other things, "[t]ranscriptions, recordings, and summaries of any oral statement of any party or witness, [except] the work product of counsel." The state responded, including a list of potential witnesses, many of whom testified at the grand jury proceedings involving appellee's father.
In January 2001, appellee filed a motion to compel the state to produce the testimony from the grand jury proceedings involving appellee's father. Appellee specifically sought, "All grand jury testimony pursuant to Juv.R. 24(A)(3) as a transcription, recording and summary of any oral statement of any party or witness."
In turn, the state filed a memorandum in opposition to appellee's motion to compel. The state argued in its memorandum that disclosure of grand jury testimony is governed by Crim.R. 6(E), which states that a prosecuting attorney may disclose grand jury testimony only when directed to do so by the court that supervised the grand jury proceedings. The state further argued that before the supervising court could order the disclosure of grand jury testimony, the party seeking the testimony must show a particularized need for the testimony. The state concluded that no such showing was made by appellee and thus the motion should be denied.
The magistrate presiding over appellee's case ruled on the motion to compel discovery, granting appellee's motion. In granting appellee's motion, the magistrate ordered that appellee's counsel be provided "any testimony of any witness or party who testified before the Scioto County Grand Jury pertaining to the issues before this [c]ourt in this matter * * *. Failure to comply will result in exclusion of such evidence at the adjudication." The juvenile court adopted and approved the magistrate's ruling.
The state filed objections to the magistrate's decision with the juvenile court raising the same arguments that it had raised in its earlier memorandum in opposition to appellee's motion to compel.
On March 29, 2001, the juvenile court overruled the state's objections, holding that "said discovery is not privileged and is mandated by Ohio Juvenile Rule 24(A)(3) and the Ohio Rules of Criminal Procedure specifically do not apply to delinquency proceedings in Juvenile Courts in the State of Ohio."
On April 2, 2001, on the same day the adjudication of appellee was scheduled to begin, an entry was filed dismissing the complaint against appellee, without prejudice, finding that the state was not prepared to proceed in the matter.
On that same day, the state filed its notice of appeal from the juvenile court's March 29, 2001 judgment entry, and presents the following assignment of error for our review.
 THE JUVENILE COURT ERRED IN ORDERING THE PROSECUTING ATTORNEY, UNDER PENALTY OF SUPPRESSION OF EVIDENCE, TO DISCLOSE GRAND JURY TESTIMONY TO COUNSEL FOR THE ALLEGED DELINQUENT CHILD.
I. The Disclosure of Grand Jury Testimony
Appellant, the State of Ohio, argues that the disclosure of grand jury testimony is governed by Crim.R. 6 and is not subject to disclosure in juvenile delinquency proceedings under Juv.R. 24 because the juvenile court is not authorized to direct the disclosure of grand jury testimony.
The secrecy of grand jury proceedings has been consistently safeguarded and is a well-established principle in American jurisprudence. SeeDouglas Oil Co. of California v. Petrol Stops Northwest (1979),441 U.S. 211, 99 S.Ct. 1667; State ex rel. Collins v. O'Farrel (1991),61 Ohio St.3d 142, 573 N.E.2d 113. The United States Supreme Court has highlighted several reasons for maintaining the secrecy of grand jury proceedings. See id.
 First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.
Douglas Oil Co. of California v. Petrol Stops Northwest,441 U.S. at 219, 99 S.Ct. at 1673.
For these reasons, the Ohio Rules of Criminal Procedure provide for the maintenance of secrecy of grand jury proceedings and direction for the possible disclosure of the transcripts of grand jury testimony. See Crim.R. 6(E); see, also, State v. Greer (1981), 66 Ohio St.2d 139,420 N.E.2d 982. "Disclosure of grand jury testimony * * * is controlled by Crim.R. 6(E) * * * and the release of any such testimony for use prior to or during trial is within the discretion of the trial court." State v.Greer, 66 Ohio St.2d 139, 420 N.E.2d 982, paragraph one of the syllabus.
o"A * * * prosecuting attorney * * * may disclose matters occurring before the grand jury, other than the deliberations of the grand jury or vote of a grand juror, but may disclose such matters only when so directed by the court preliminary to or in connection with a judicial proceeding." Crim.R. 6(E). However, it is not every court that is empowered to direct a prosecuting attorney to disclose grand jury testimony. See Collins, supra. The term "the court," as used in Crim.R. 6(E), specifically refers to the common pleas court that supervised the grand jury proceedings. See Collins, supra; Petition for Disclosure ofEvidence (1980), 63 Ohio St. 212, 407 N.E.2d 513. "Indeed, those who seek grand jury transcripts have little choice other than to file a request with the court that supervised the grand jury, as it is the only court with control over the transcripts." Douglas Oil Co. of California v.Petrol Stops Northwest, 441 U.S. at 225, 99 S.Ct. at 1676.
Furthermore, a defendant seeking the disclosure of grand jury testimony must meet additional criteria before the court is to permit disclosure of the grand jury testimony. The Supreme Court of Ohio has held that "an accused is not entitled to inspect grand jury transcripts either before or during trial unless the ends of justice require it and there is ashowing by the defense that a particularized need for disclosure existswhich outweighs the need for secrecy." State v. Greer, 66 Ohio St.2d 139,420 N.E.2d 982, paragraph two of the syllabus; see, also, State v.Patterson (1971), 28 Ohio St.2d 181, 277 N.E.2d 201, paragraph three of the syllabus.
II. The Applicability of Crim.R. 6(E) or Juv.R. 24
Appellee aptly notes that the foregoing analysis was derived from adult criminal cases and that the present case is a juvenile one that is procedurally governed by the Ohio Rules of Juvenile Procedure. Appellee argues that because the proceedings before the juvenile court are governed by the Ohio Rules of Juvenile Procedure, Juv.R. 24 governs discovery and that the Ohio Rules of Criminal Procedure are irrelevant since they specifically state that they do not apply in juvenile cases.
However, the grand jury proceedings at issue in the case sub judice
occurred in an adult criminal case, which clearly was governed by the Ohio Rules of Criminal Procedure. Crim.R. 6 controlled the grand jury proceedings from their inception through any disclosure of the testimony presented during the proceedings.
Appellant and the juvenile court relied on Crim.R. 1(C)(5) in order to conclude that the Crim.R. 6(E) is inapplicable when disclosure of grand jury testimony is sought in a juvenile delinquency proceeding. Crim.R. 1(C), provides in pertinent part that
 These rules, to the extent that specific procedure is provided by other rules of the Supreme Court or to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (5) in juvenile proceedings against a child as defined in Rule 2(D) of the Rules of Juvenile Procedure * * *.
(Emphasis added.) Crim.R. 1(C)(5). The Ohio Rules of Juvenile Procedure, specifically Juv.R. 24, upon which appellee relies, do not contain specific procedures to govern the disclosure of grand jury testimony. See Crim.R. 1(C)(5). Also, the nature of Crim.R. 6(E) does not make it "clearly inapplicable" to the present situation. Crim.R. 1(C)(5).
Furthermore, a court that did not supervise the grand jury proceedings is not authorized to unilaterally order the disclosure of grand jury testimony. See State ex rel. Collins v. O'Farrel, 61 Ohio St.3d 142,573 N.E.2d 113 (holding that a municipal court may not unilaterally order the disclosure of grand jury testimony).
Accordingly, the juvenile court was without authority to order appellant to disclose to appellee the testimony from the grand jury proceedings involving the case against appellee's father, and the juvenile court erred when it did so.
Additionally, not only was the juvenile court without authority to order the disclosure of the grand jury testimony, appellee failed to show, in any way, a "particularized need" for the grand jury testimony. See State v. Greer, 66 Ohio St.2d 139, 420 N.E.2d 982, paragraph two of the syllabus; see, also, State v. Patterson, 28 Ohio St.2d 181,277 N.E.2d 201, paragraph three of the syllabus; State v. Benge (1996),75 Ohio St.3d 136, 661 N.E.2d 1019. Only after a "particularized need" has been shown by the party seeking the grand jury testimony may the court order an in camera review of the grand jury testimony. See Greer,supra. Also, even if the court orders the disclosure of grand jury testimony, it may limit the disclosure to those portions of the testimony for which a "particularized need" has been shown. See id.
Therefore, we find that the juvenile court was without authority to unilaterally order the disclosure of the grand jury testimony. Accordingly, appellant's sole assignment of error is SUSTAINED, the judgment of the juvenile court is REVERSED, and the cause is remanded for proceedings not inconsistent with this opinion.
JUDGMENT REVERSED AND REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the SCIOTO COUNTY COURT OF COMMON PLEAS, JUVENILEDIVISION, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
oA certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J., and Kline, J.: Concur in Judgment and Opinion.