[Cite as *State v. Haynes*, 2015-Ohio-4582.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 102457, 102458 and 102459**

## STATE OF OHIO

PLAINTIFF-APPELLANT

vs.

## CARLOS HAYNES, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CR-14-582643-C, CR-14-582643-A and CR-14-582643-B

**BEFORE:** Keough, J., Celebrezze, A.J., and Jones, J.

**RELEASED AND JOURNALIZED:** November 5, 2015

**ATTORNEYS FOR APPELLANT**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Daniel T. Van
        Brett Hammond
Assistant Prosecuting Attorneys
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

**ATTORNEYS FOR APPELLEES**

**For Carlos Haynes**

Robert L. Tobik
Cuyahoga County Public Defender
By: Jeffrey Gamso
Assistant Public Defender
310 Lakeside Avenue, Suite 200
Cleveland, Ohio 44113

**For Leon Webb**

James E. Valentine
323 Lakeside Avenue, West
Suite 450, Lakeside Place
Cleveland, Ohio 44113

**For Teddie L. Douglas**

Jaye M. Schlachet
Eric M. Levy
Law Offices of Jaye M. Schlachet
55 Public Square, Suite 1600
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, J.:

{¶1}   In these consolidated appeals, plaintiff-appellant, the state of Ohio, appeals from the judgment of the trial court dismissing the indictments against defendants-appellees, Teddie L. Douglas, Carlos Haynes, and Leon Webb.  Finding no merit to the appeal, we affirm.

{¶2}   The indictments charged the defendants with rape, complicity to commit rape, corruption of a minor, complicity to commit corruption of a minor, and kidnapping related to the kidnapping and rape of a 13-year-old girl on April 27, 1994.

{¶3}   It is undisputed that the grand jury voted to indict the defendants on April 24, 2014, but the indictments were not filed with the clerk of courts until May 6, 2014.  It is also undisputed that pursuant to R.C. 2901.13, the statute of limitations expired on April 26, 2014.

{¶4}   Following arraignment and pretrial conferences, the defendants filed motions to dismiss, asserting that prosecution was barred by the expiration of the statute of limitations.  After hearings and the filing of post-hearing briefs, the trial court dismissed the indictments.

{¶5}   R.C. 2901.13, which sets forth Ohio's statute of limitations for various crimes, provides that "a prosecution of [kidnapping, rape, and corruption of a minor] is barred unless it is commenced within twenty years after the offense is committed."

{¶6}   Under R.C. 2901.13(E),

A prosecution is commenced on the date an indictment is returned or an information filed, or on the date a lawful arrest without a warrant is made, or on the date a warrant, summons, citation, or other process is issued, whichever occurs first.

{¶7}   Crim.R. 6(F), addresses the "return" of an indictment and states:

(F) Finding and return of indictment.   An indictment may be found only upon the concurrence of seven or more jurors.   When so found the foreman or deputy foreman shall sign the indictment as foreman or deputy foreman. The indictment shall be returned by the foreman or deputy foreman to a judge of the court of common pleas and filed with the clerk who shall endorse the date of filing and enter each case upon the appearance and trial dockets * * *.

{¶8} In its journal entry dismissing the indictments, the trial court reasoned that the mere finding of an indictment (i.e., the grand jury's vote to indict) is not equivalent to the "return" of the indictment because a grand jury's vote may be changed by subsequent grand jury actions.   The trial court reasoned that the "return" of an indictment requires some objective act external to the grand jury's secret proceedings to confirm that the grand jury's finding is complete and final. Thus, the trial court held that to be "returned," the grand jury's vote must be conveyed outside the grand jury body to other officials in the judicial system to trigger fulfillment of their respective responsibilities.   The trial court found that the foreman's filing of the grand jury's vote with the clerk of courts is the first objective act external to the grand jury's secret proceedings, and, therefore, an indictment is returned when the grand jury's vote is filed with the clerk of courts.   The trial court noted, however, that the foreman's filing with the clerk does not necessarily mean docketing of the indictment, and that an indictment may be docketed subsequent to its return to the clerk.

{¶9} Applying this reasoning, the trial court found that despite multiple hearings, there was no evidence establishing that the indictments in this case were returned to the clerk of courts on or before April 26, 2014, the last day of the 20-year statute of limitations period. Accordingly, the trial court dismissed the indictments as barred by the statute of limitations.

{¶10} In its single assignment of error on appeal, the state contends that the trial court erred in dismissing the indictments because "the indictment was returned when it was voted upon by the members of the grand jury and the result of that vote was presented to the clerk." The state contends that a return of an indictment does not require filing the indictment, and that "once the indictment is voted upon, true billed, hand signed by the foreperson, placed in the secret envelope, and brought to the clerk, it is returned." The state asserts that the evidence established that grand jury votes are delivered daily to the clerk's office, and thus, the state contends that it commenced prosecution in these cases when the grand jury's sealed envelope was returned to the clerk of courts on April 24, 2014.

{¶11} The defendants, on the other hand, although agreeing with the trial court's dismissal of the indictments, assert that the indictments were not returned because they were never returned to a common pleas court judge, as required by Crim.R. 6(F). As defendants correctly point out, the judge presiding over the grand jury testified that no indictment was ever returned to her, and there was no evidence presented suggesting that the indictments were delivered to any other common pleas court judge.

**{¶12}** The trial court found that return to a common pleas court judge was not a necessary event required to find that an indictment has been returned under R.C. 2901.13(E). The trial court reasoned that to hold otherwise would give a judge veto power over a grand jury's indictment, and it concluded that Ohio's procedure allows the judge overseeing the grand jury to instruct the foreman to present the indictments directly to the clerk of courts.

**{¶13}** We disagree, and find that the return of an indictment requires presentment to a judge in the common pleas court. As unambiguously stated by the Ohio Supreme Court, "Crim.R. 6(F) requires that the indictment be returned to the judge of the common pleas court and filed with the clerk of that court." *State ex rel. Collins v. O'Farrell*, 61 Ohio St.3d 142, 145, 573 N.E.2d 113 (1991); *see also State v. Rohde*, 2d Dist. Montgomery No. 26087, 2014-Ohio-5580, ¶ 25 ("The return and filing process for indictments is outlined in Crim.R. 6(F) and R.C. 2939.22. These provisions require the indictment to be returned by the foreman to the trial court and then filed with the clerk who must endorse the date of filing.") Because the indictments in these cases were never delivered to the judge of the common pleas court who was presiding over the grand jury, the indictments were not returned and prosecution was not commenced.

**{¶14}** Even if we were to assume that an indictment is deemed returned when it is delivered to the clerk's office rather than to the judge, there is no evidence that either the grand jury voting records or the indictments were filed with the clerk's office on or before April 26, 2014, the last day of the limitations period.

{¶15} Kelley Sweeney, director of special projects with the Cuyahoga County Clerk of Courts, testified that someone from the prosecutor's office daily brings down multiple envelopes that contain the grand jury votes, but said the envelopes are not necessarily of votes that occurred that day. She identified an envelope that contained the grand jury's April 24, 2014 votes in these cases, and testified that the envelope had been brought to the clerk's office at some point. She said that the date of April 24, 2014, was handwritten on the envelope, presumably by someone from the prosecutor's office, but the April 24, 2014 date did not necessarily mean that the envelope had been delivered to the clerk's office on April 24, 2014. She was unable to specify on what date the envelope had been delivered to the clerk's office, and testified that it could have been delivered on any number of days following April 24, 2014. The envelope was not stamped or dated in any way by the clerk's office.

{¶16} Sweeney said that the actual indictments, which in these cases were file-stamped May 6, 2014, are delivered to the clerk's office from the prosecutor's office either electronically via computer or by hand, but she could not tell whether the indictments in these cases had been delivered by hand or electronically.

{¶17} Sergeant Kevin O'Donnell, supervisor of the criminal records division of the Cuyahoga County Sheriff's Department, testified that a clerk from his office picks up arrest warrants, including arrest warrants after a secret indictment has been opened, from the clerk's office once every business day. O'Donnell said that the arrest warrant for defendant Haynes was issued on May 6, 2014. He said he could not determine when

arrest warrants were issued for defendants Webb and Douglas, but stated that warrants for all defendants in a secret indictment are usually issued on the same day.

{¶18} The state bears the burden of establishing that prosecution was commenced within the applicable limitations period. *State v. Martin*, 8th Dist. Cuyahoga No. 100753, 2015-Ohio-761, ¶ 13, citing *State v. King*, 103 Ohio App.3d 210, 212, 658 N.E.2d 1138 (10th Dist.1995); *State v. Mitchell*, 78 Ohio App.3d 613, 616, 605 N.E.2d 978 (8th Dist.1992).

{¶19} The state failed to meet its burden in this case because although it is undisputed that the grand jury voted to indict the defendants on April 24, 2014, there is no evidence regarding when the grand jury voting sheets were returned to the clerk's office. The state argues that we can assume by its "routine practice" of daily delivering envelopes containing grand jury votes to the clerk's office that the envelope containing the votes to indict in these cases was delivered on April 24, 2014. But Sweeney testified that the envelopes delivered to the clerk's office on a certain day do not necessarily contain that day's grand jury votes, and that the envelope could have been delivered after April 24, 2014. The envelope was not stamped or dated in any way by the clerk's office, and Sweeney said she could not determine on what date the envelope was delivered.

{¶20} Likewise, the state offered no evidence regarding when the indictments were delivered to the clerk's office. Sweeney testified that the clerk's office usually processes indictments the same day it receives them. The first docket entry for all the defendants is dated May 6, 2014 and states "indicted secret on 5/6/2014." Sweeney

testified that the prosecutor's office usually delivers indictments to the clerk's office electronically by computer, but the state offered no evidence that the indictments were electronically delivered in this case, or on what date. Sweeney speculated that because the indictments were secret, someone from the prosecutor's office may have hand-delivered the indictments to the clerk's office before May 6, 2014, and then the indictments were unsealed on May 6, 2014, after one of the defendants was taken into custody pursuant to an arrest warrant. But the state presented no evidence that the indictments were hand-delivered to the clerk's office prior to May 6, 2014, and no evidence that arrest warrants for any of the defendants were issued prior to that date.

{¶21} Moreover, simply delivering indictments to the clerk's office is insufficient to constitute return of the indictments. Under Crim.R. 6(F), an indictment is deemed returned when all of the following predicate events have occurred: (1) the indictment is found upon the concurrence of seven or more grand jurors; (2) the foreman or deputy foreman signs the indictment; (3) the indictment is returned to the judge of the common pleas court who is supervising the grand jury; and (4) the indictment is filed with the clerk of courts, who shall endorse thereon the date of filing and enter the case on the appearance and trial dockets. Thus, the rule is clear that an indictment is not returned until it is filed with the clerk. Hence, merely delivering the grand jury votes to the clerk's office — without delivery to the judge and filing with the clerk — is insufficient to constitute the return of an indictment. *O'Farrell*, 61 Ohio St.3d at 145, 573 N.E.2d 113.

{¶22} In sum, the indictments in these cases were not delivered to the judge presiding over the grand jury, as required by Crim.R. 6(F) and therefore, the indictments were never returned and prosecution was not commenced.

{¶23} In addition, the state failed to provide evidence that the indictments were filed with the clerk of courts or that arrest warrants were issued on or before April 26, 2014, the last day of the 20-year limitations period. Accordingly, the state failed to demonstrate that prosecution was timely commenced and therefore, the trial court properly dismissed the indictments as barred by the statute of limitations. The assignment of error is overruled.

{¶24} Judgment affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

———

KATHLEEN ANN KEOUGH, JUDGE

FRANK D. CELEBREZZE, JR., A.J., and
LARRY A. JONES, SR., J., CONCUR