[Cite as *State v. Curry*, 2018-Ohio-683.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 105638

---

## STATE OF OHIO

### PLAINTIFF-APPELLEE

vs.

## RONALD CURRY

### DEFENDANT-APPELLANT

---

### JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-15-597049-A

**BEFORE:** S. Gallagher, P.J., Blackmon, J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** February 22, 2018

**ATTORNEY FOR APPELLANT**

John T. Castele
Rockefeller Building, Suite 1310
614 W. Superior Avenue
Cleveland, Ohio   44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor
By:   Edward R. Fadel
        Oscar Albores
        Daniel T. Van
Assistant Prosecuting Attorneys
Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio    44113

SEAN C. GALLAGHER, P.J.:

{¶1}   Ronald Curry was convicted of four counts of aggravated robbery, four counts of rape or attempted rape, two counts of kidnapping, and two three-year firearm specifications.   The trial court imposed an aggregate, nine-year term of imprisonment — the firearm specifications being imposed consecutive to the other and the underlying concurrent term on all other sentences. We affirm.

{¶2} In July 1995, Curry and an accomplice, both wearing masks to hide their identities, robbed two male and two female victims at gunpoint in the backyard of the home of one of the victims.   At trial, the victims testified that several were deprived of their property, but in the original police report, the investigating police officer only noted that one of the victims had property stolen during the robbery.

{¶3} The two female victims were forcibly removed to secluded areas on the property and were raped. Each assailant marched one of the female victims to a different area — one was taken to a bedroom inside the house and the other behind the garage. The male victims were left lying prostrate in the backyard, and they fled the scene when the assailants took the female victims. One victim, taken into the bedroom, was vaginally penetrated but refused to perform oral sex on the assailant. That assailant then met up with Curry, who had just finished raping the other female victim behind the garage. The second assailant then forced the second victim to perform oral sex on him.

{¶4} Curry and his accomplice fled the scene. Police were immediately called, and both women were taken to the hospital where evidence was preserved. In 2013, a test was conducted in the attempt to match the DNA, but only one of the samples collected was tested — the vaginal swab from the victim who was sexually assaulted by both Curry and his accomplice behind the garage. Curry could not be excluded as the assailant. The oral swab from that same victim was not retested. Curry testified at trial and claimed that he had consensual intercourse with the victim at his birthday party days before the attack.[1] The victim testified to never having met Curry.

---

[1] This is being generous with the facts. Curry's testimony was not definitive. When asked if he had a specific recollection of an encounter with the victim, Curry claimed he had sex with "different young ladies, young and older." On follow-up, Curry was asked if he could specifically remember any of the women he had sex with during the relevant time frame. He could not recall anyone. Tr. 701:11-15. In other words, Curry's claim of consensual sex with the victim is based on his belief that she must have been one of the many women he had sex with the week before the attack, but he was unable to specifically remember the victim.

**{¶5}** Curry was indicted, and a summons was issued on the last day of the 20-year statute of limitations.[2] Following a jury trial, Curry was found guilty of all charges. This timely appeal followed.

**{¶6}** In the first assignment of error, Curry claims the state failed to return the indictment under Crim.R. 6(F) in order to timely commence the prosecution under R.C. 2901.13(F), which provides that a prosecution is commenced on the date the indictment is returned, on the date a lawful arrest without warrant is made, or on the date that a warrant, summons, citation, or other process is issued.

**{¶7}** An indictment is returned under Crim.R. 6(F) if

(1) the indictment is found upon the concurrence of seven or more grand jurors; (2) the foreman or deputy foreman signs the indictment; (3) the indictment is returned to the judge of the common pleas court who is supervising the grand jury; and (4) the indictment is filed with the clerk of courts, who shall endorse thereon the date of filing and enter the case on the appearance and trial dockets.

*State v. Haynes*, 2015-Ohio-4582, 46 N.E.3d 1136, ¶ 13 (8th Dist.), citing *State ex rel. Collins v. O'Farrell*, 61 Ohio St.3d 142, 145, 573 N.E.2d 113 (1991). Curry argues that the state failed to demonstrate that the indictment was presented to the judge of the common pleas court who was supervising the grand jury, and therefore, the indictment was not "returned" by July 1, 2015. We need not address this argument because a summons was timely issued under R.C. 2901.13(F), and thus commencement in this case is dependent on the summons, not the return of the indictment.

**{¶8}** Curry contends that the summons was not issued until a day after the statute of limitations ran, when the capias was issued. R.C. 2901.13(F) distinguishes between the

---

[2] The amendment to R.C. 2901.13(A)(4) effective July 15, 2015, which extended the statute of limitations for violations of R.C. 2907.02 an additional five years, was not effective until after the original limitations period for Curry's conduct had expired.

summons and the warrant for arrest. An action is commenced by issuing either process; the statute does not require both. *Id.*; *see, e.g., State v. Morris*, 20 Ohio App.3d 321, 323, 486 N.E.2d 168 (10th Dist.1984). According to the notation on the appearance docket, the clerk of courts timely issued the summons before the expiration of the statute of limitations and a warrant was issued the following day. The prosecution was timely commenced under R.C. 2901.13(F), and the first assignment of error is overruled.

{¶9} In the second assignment of error, Curry contends that the indictment should have been dismissed based on preindictment delay.

{¶10} It is a due process violation under the United States and Ohio Constitutions to cause an unjustifiable delay between the commission of an offense and a defendant's indictment if the delay results in actual prejudice. *State v. Jones*, 148 Ohio St.3d 167, 2016-Ohio-5105, 69 N.E.3d 688, ¶ 12, quoting *State v. Luck*, 15 Ohio St.3d 150, 472 N.E.2d 1097 (1984), paragraph two of the syllabus. If an offender "presents evidence of actual prejudice, the burden shifts to the state to produce evidence of a justifiable reason for the delay." *Id.* at ¶ 13, citing *State v. Whiting*, 84 Ohio St.3d 215, 217, 1998-Ohio-575, 702 N.E.2d 1199; *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 99.

{¶11} "The 'possibility that memories will fade, witnesses will become inaccessible, or evidence will be lost is not sufficient to establish actual prejudice.'" *Id.* at ¶ 21, citing *Adams* at ¶105, and *United States v. Marion*, 404 U.S. 307, 313, 92 S.Ct. 455, 30 L.Ed.2d 468 (1971). The possibility of prejudice is inherent in any extended delay, and the statutes of limitations sufficiently protect against those concerns. *Id.*, quoting *Marion* at 326. As the Ohio Supreme Court clarified, however, that does not mean "that demonstrably faded memories and actually unavailable witnesses or lost evidence cannot satisfy the actual-prejudice requirement." *Id.*

{¶12} In addition to vague assertions of faded memory and the unavailability of police officers, who according to Curry conducted a shoddy investigation anyway, one of the rape kits disappeared and was not available for DNA testing, and the oral swab relating to the victim behind the garage was not tested for an unknown reason. This lost or missing evidence demonstrated actual prejudice because, according to Curry, the state claimed that he was the assailant who forced the victim to the bedroom, and therefore, the state's theory might have been proven false by the DNA evidence contained in the untested samples relating to the identity of that assailant. The foundation of Curry's argument is perplexing. The theory that Curry forced one victim to the bedroom and raped the other on his way out was not advanced by the state or even supported by the DNA evidence produced at trial — the only evidence tying Curry to the crimes. Curry could not be excluded as the source of the DNA obtained from the vaginal swab of the victim who was raped behind the garage.

{¶13} The missing evidence has no bearing on the evidence of Curry's guilt, which was entirely premised on Curry being identified as the attacker of the victim behind the garage. *See Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, at ¶ 106 (missing evidence of alibi, allegedly placing defendant in another location at the time of death, was irrelevant based on the evidence at trial). Under the state's theory, and based on the evidence presented at trial, it would be expected that Curry would be excluded as the source of the DNA in the untested samples — those samples would have revealed the accomplice's identity. Curry has not demonstrated substantial prejudice caused by the untested samples.

{¶14} Curry's remaining claims of faded memories or of an incomplete investigation, standing alone, are not sufficient to demonstrate prejudice. *Id.* at ¶ 105, citing *Marion*, 404 U.S.

307, 325-326, 92 S.Ct. 455, 30 L.Ed.2d 468. Curry has not met his burden of demonstrating prejudice caused by the delay, and the second assignment of error is overruled.

{¶15} In the third assignment of error, Curry claims his convictions were against the manifest weight of the evidence.

{¶16} When reviewing a claim challenging the manifest weight of the evidence, the court, reviewing the entire record, must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Thompkins*, 78 Ohio St.3d, 380, 387, 1997-Ohio-52, 678 N.E.2d 541. Generally, determinations of credibility and weight of the testimony are reserved for the trier of fact. *State v. Lipkins*, 10th Dist. Franklin No. 16AP-616, 2017-Ohio-4085, ¶ 36, citing *State v. DeHass*, 10 Ohio St.2d 230, 227 N.E.2d 212 (1967), paragraph one of the syllabus.

{¶17} In other words, the "jury may take note of the inconsistencies and resolve them accordingly, 'believing all, part, or none of a witness's testimony.'" *Id.*, quoting *State v. Raver*, 10th Dist. Franklin No. 02AP-604, 2003-Ohio-958, ¶ 21, citing *State v. Antill*, 176 Ohio St. 61, 67, 197 N.E.2d 548 (1964). We must remember that

> [a]n appellate court considering a manifest weight challenge "may not merely substitute its views for that of the trier of fact, but must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."

*Id.* at ¶ 37, quoting *State v. Harris*, 10th Dist. Franklin No. 13AP-770, 2014-Ohio-2501, ¶ 22, citing *Thompkins* at 387. A conviction will only be reversed as being against the manifest weight

of the evidence "in the most 'exceptional case in which the evidence weighs heavily against the conviction.'" *Id.*, quoting *Thompkins* at 387, quoting *State v. Martin*, 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).

{¶18} Curry largely focuses on the inconsistent testimony between the four victims and the investigating police officer, and the lack of a thorough police investigation. None of that explains the DNA evidence — the only evidence identifying Curry as one of the assailants. On that point, the jury was tasked with assessing Curry's vague assertion of having consensual sex with the victim as it weighed against the victim's testimony that she never met Curry. Essentially, Curry is asking this court to believe his testimony over that of the victim. The jury did not find Curry credible. "A conviction is not against the manifest weight of the evidence because the trier of fact believed the state's version of events over the defendant's version." *Lipkins* at ¶ 39, citing *State v. Gale*, 10th Dist. Franklin No. 05AP-708, 2006-Ohio-1523, ¶ 19. This is not the exceptional case in which we can find the jury lost its way. We overrule the third assignment of error.

{¶19} In the fourth assignment of error, Curry challenges the sufficiency of the state's evidence.

{¶20} A claim of insufficient evidence raises the question whether the evidence is legally sufficient to support the verdict as a matter of law. *Thompkins*, 78 Ohio St.3d 380, 386, 1997-Ohio-52, 678 N.E.2d 541. In reviewing a sufficiency challenge, "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus. The

appellate inquiry under the current circumstances focuses on the sufficiency of the state's evidence on each element to support the convictions.

{¶21} Curry claims that his identity was not sufficiently proven, that there is no evidence of an actual theft as it pertains to three of the four victims in support of the four aggravate robbery charges, and that he cannot be convicted of complicity in the rape of the other victim. None of those claims have merit.

{¶22} Curry's identity was sufficiently established through the DNA evidence. His explanation for the DNA evidence boils down to his credibility and the weight of the evidence. Thus, his sufficiency of the evidence argument is essentially one challenging the weight of the evidence, which is overruled.

{¶23} With respect to the aggravated robbery counts, Curry claims that an offender must actually commit a theft offense against each victim, otherwise there is insufficient evidence supporting the aggravated robbery charge. R.C. 2911.01(A)(1) provides that no person, either by attempting or committing a theft offense, shall have, possess, or control a deadly weapon that is brandished. An offender need only attempt to commit a theft offense. Actual theft of property is not an element. R.C. 2911.01(A)(1). In addition, the victims testified to losing property during the robbery. Although the police report differs from their trial testimony, their credibility is not a consideration with regard to the sufficiency of the state's evidence.

{¶24} Finally with respect to the sufficiency of the evidence, Curry offers no legal authority in support of his claim that he cannot be found guilty of complicity in the rapes committed by his accomplice as required under App.R. 16(A)(7). It is not this court's responsibility to provide support for an appellant's argument. The fourth assignment of error is overruled.

{¶25} In the fifth assignment of error, Curry claims that the trial court was required to merge the kidnapping, as charged in Count 15, with the attempted rape charge, as charged in Count 6 of the indictment. The kidnapping relates to the asportation of the victim to the bedroom to facilitate the sexual assault. The state claimed Curry was a co-conspirator for the unknown accomplice's crimes. On appeal, Curry contends that because the trial court merged the kidnapping with the rape, it must also merge the kidnapping with the separate attempted rape charge. At sentencing, however, Curry expressly requested that the kidnapping be merged with either the rape or the attempted rape, but not both. Tr. 842:4-6; 847:1-12 (Curry affirmatively responded to the trial court's request for confirmation that the attempted rape charged merged with no other count if the kidnapping merged with the rape charge). The trial court merged the offenses as requested by Curry. Any error in this regard was, therefore, invited. *State v. Spaulding*, 151 Ohio St.3d 378, 2016-Ohio-8126, 89 N.E.3d 554, ¶ 100, citing *Hal Artz Lincoln-Mercury, Inc. v. Ford Motor Co.*, 28 Ohio St.3d 20, 502 N.E.2d 590 (1986), paragraph one of the syllabus ("A party will not be permitted to take advantage of an error which he himself invited or induced").

{¶26} Nevertheless, not all kidnapping charges merge with the related sexual assault charges. In *State v. Dennis*, 8th Dist. Cuyahoga No. 104742, 2017-Ohio-4437, ¶ 23, we affirmed separate convictions for kidnapping and rape when the evidence demonstrated that the offender marched the victim through a field to facilitate the rape. *Id.* In this case, Curry has not demonstrated that the counts relating to the accomplice's conduct in forcing the victim to the bedroom from the backyard to facilitate the sexual assault constituted allied offenses of similar import. We overrule the final assignment of error.

{¶27} The convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.   Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


SEAN C. GALLAGHER, PRESIDING JUDGE

PATRICIA ANN BLACKMON, J., and
FRANK D. CELEBREZZE, JR., J., CONCUR