[Cite as *State v. Fryer*, 2018-Ohio-3024.]

COURT OF APPEALS
PERRY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| DOUGLAS L. FRYER | : | Case No. 18-CA-00005 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:                    Appeal from the Perry County Court
                                                                        of Common Pleas, Case No. 06-CR-
                                                                        0060


JUDGMENT:                                                  Affirmed


DATE OF JUDGMENT:                               July 30, 2018


APPEARANCES:

For Plaintiff-Appellee                                    For Defendant-Appellant

JOSEPH A. FLAUTT                                   DOUGLAS L. FRYER, pro se
Perry County Prosecuting Attorney            #A-548-092
111 North High Street, P.O. Box 569         P.O. Box 57
New Lexington, Ohio 43764                       Marion, Ohio 43301

*Baldwin, J.*

{¶1}   Appellant appeals the decision of the Perry County Court of Common Pleas denying his "Motion to Dismiss Indictment; Vacate Void Judgment and Conviction for Improperly Acquiring Subject Matter Jurisdiction."  Appellee is the State of Ohio.

## STATE OF FACTS AND THE CASE

{¶2}   The facts underlying the offense committed in this matter are not necessary for the resolution of this appeal and, therefore, they are not included in this opinion.

{¶3}   Appellant pleaded guilty to fifteen counts of Gross Sexual Imposition and one count of Rape on March 20, 2007.

{¶4}   On April 17, 2007, Appellant was sentenced by the trial court and was found to be a sexual predator, pursuant to an agreement between the State and Appellant. The termination judgment entry was filed by the trial court on April 18, 2007.

{¶5}   The court reviewed the Notice of Registration Duties of Sexually Oriented Offender or Child–Victim Offender. The form was signed by Appellant and filed with the court on April 7, 2007. Appellant did not file a direct appeal.

{¶6}   On March 12, 2014, Appellant filed a Motion to Correct Sentence and requested  an evidentiary hearing on his classification as a sex offender. By entry filed June 6, 2014, the court granted the motion in part in accordance with Criminal Rule 32(C) and the Ohio Supreme Court's decisions in *State v. Baker*, 119 Ohio St.3d 197, 2008-Ohio-3330, 893 N.E.2d 163 and *State v. Lester*, 130 Ohio St.3d 303, 2011-Ohio-5204, 958 N.E.2d 142. However, the trial court denied Appellant's request for an evidentiary hearing. The nunc pro tunc termination entry was filed June 18, 2014.

**{¶7}** Appellant appealed the trial court's denial of his request for an evidentiary hearing. *State v. Fryer,* 5th Dist. Perry No. 14–CA–17, 2015-Ohio-509, 2015 WL 628334. ["*Fryer I* "]. In *Fryer I*, appointed counsel filed an appellate brief. *Fryer I,* ¶ 9. Appointed counsel raised as his sole assignment of error, "I. THE TRIAL COURT ERRED IN REFUSING TO HOLD AN EVIDENTIARY HEARING AS TO APPELLANT'S STATUS AS A SEXUAL PREDATOR." *Fryer I,* ¶ 7. Appellant filed a pro se brief, which in the interest of justice this Court considered. *Fryer I,* ¶ 12. Appellant raised as his sole assignment of error, "I. THE TRIAL COURT ERREED [SIC.] LIN [SIC.] TRYING AND CONVICTING OF CRIMES THAT WERE NOT SPECIFIC TO DISTINGUISH DIFFERENT CRIMES CHARGED DUE TO DUPLICITOUS INDICTMENT." *Fryer I,* ¶ 13.

**{¶8}** This Court overruled counsel's and Appellant's pro se assignments of error and affirmed the June 6, 2014 judgment entry of the Perry County Court of Common Pleas. *Fryer I,* ¶ 26.

**{¶9}** On May 1, 2015, Appellant pro se filed a "Motion for Hearing" contending: he was not notified of his right to appeal during the original sentencing hearing; the trial court failed to properly notify him concerning post release controls; the trial court failed to conduct the classification hearing in accordance with R.C. 2950.09 (B)(2); and the nunc pro tunc judgment violates Crim.R. 32(C), *State v. Baker, supra,* and *State v. Lester, supra.*

**{¶10}** The state filed a response on May 18, 2015. By judgment entry filed May 20, 2015, the trial court denied Appellant's motion. Appellant appealed to this court, and raised four assignments of error:

**{¶11}** "I. THE TRIAL COURT ERRED WHEN DISREGARDING STATUTORY REQUIREMENTS WHEN IT DID NOT COMPLY WITH 32(B)."

**{¶12}** "II. THE TRIAL COURT ERRED WHEN IT DID NOT MAKE THE FINDINGS OR ADJUDICATION OF GUILT IN THE RECORDS."

**{¶13}** "III. THE TRIAL COURT ERRED WHEN IT DID NOT COMPLY WITH R.C. 2929.191 BY NOT HOLDING A HEARING WITH THE DEFENDANT PRESENT."

**{¶14}** "IV. THE TRIAL COURT ERRED WHEN THE COURT DISREGARDED AND FAILED TO EXERCISE ITS STATUTORILY REQUIRED DUTIES DURING THE DEFENDANTS *965 [SIC] ALLEGED CLASSIFICATION HEARING."

**{¶15}** We overruled the assignments of error and affirmed the decision of the trial court in our opinion of November 2, 2015.

**{¶16}** In the case at bar, Appellant filed a "Motion to Dismiss Indictment; Vacate Void Judgment and Conviction for Improperly Acquiring Subject Matter Jurisdiction" on February 16, 2018. The trial court denied the motion on February 26, 2018. Appellant filed a notice of appeal on March 19, 2018 and raises three assignments of error:

**{¶17}** "I. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN IT FAILED TO DISMISS INDICTMENT FOR LACK OF SUBJECT MATTER JURISDICTION."

**{¶18}** "II. TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT WHEN DISMISSING MOTION TO CORRECT VOID SENTENCE AS THE TRIAL COURT WAS IN VIOLATION OF R. C. 2929.11 AND R. C. 2929.12."

**{¶19}** "III. THE TRIAL COURT ABUSED ITS DISCRETION AND ERRED TO THE PREJUDICE OF DEFENDANT APPELLANT AS THE TRIAL COURT HAS NO AUTHORITY TO IMPOSE A SENTENCE CONTRARY TO LAW."

## ANALYSIS

**{¶20}** The caption of Appellant's pro se pleading as a "Motion to Dismiss Indictment; Vacate Void Judgment and Conviction for Improperly Acquiring Subject Matter Jurisdiction" does not conclusively define the nature of the pleading. *State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 (1997). In *Reynolds,* the Ohio Supreme Court found, despite its caption, an Appellant's pleading which (1) is filed subsequent to Appellant's time for filing a direct appeal; (2) claims the denial of constitutional rights; (3) seeks to render the judgment void or voidable; and (4) asks the trial court to vacate the judgment and sentence, is a petition for post-conviction relief pursuant to R.C. 2953.21(A)(1). *Id.* at 160.

**{¶21}** Post-conviction efforts to vacate a criminal conviction or sentence on constitutional grounds are governed by R.C. 2953.21, which provides:

> [A]ny person who has been convicted of a criminal offense* * * who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, and any person who has been convicted of a criminal offense that is a felony, who is an inmate, * * *may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. R.C. 2953.21(A)(1).

Except as provided in section 2953.23 of the Ohio Revised Code, a petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date in which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication, or * * * If no appeal is taken, except as otherwise provided in section 2953.23 of the Revised Code, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal.

R.C. 2953.21.

{¶22} We find Appellant's motion constitutes a petition for post-conviction relief. Pursuant to R.C. 2953.21, Appellant was required to file his petition no later than one hundred and eighty days after the expiration of the time for filing the appeal of his original conviction and sentence entered April 18, 2007. We find Appellant's motion, which was filed more than eleven years after the expiration of the appeal period, to be untimely. Accordingly, we find the trial court properly denied Appellant's Motion.

{¶23} Further, Appellant's motion is barred by the doctrine of res judicata.

Under the doctrine of *res judicata,* a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or *could have been raised* by the defendant at trial, which resulted in that judgment of conviction, or *on an appeal* from that judgment. (Emphasis added.)

It is established that, pursuant to *res judicata,* a defendant cannot raise an issue in a motion for post-conviction relief if he or she could have

raised the issue on direct appeal. *State v. Duling*, 21 Ohio St.2d 13, 254 N.E.2d 670 (1970), *vacated in part,* 408 U.S. 936, 92 S.Ct. 2861, 33 L.Ed.2d 753 (1972).

*State v. Reynolds*, 79 Ohio St.3d 158, 1997-Ohio-304, 679 N.E.2d 1131 (1997), citing *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104, (1967*),* at the syllabus.

**{¶24}** This Court has held that:

Post-conviction relief is available only for errors based upon facts and evidence outside the record. "Errors and deficiencies in an indictment are not outside the record; therefore they can only be attacked on direct appeal. * * * It follows that a court may apply the doctrine of res judicata to bar a petition for post-conviction relief if it is based upon a claim that the indictment is insufficient or defective, since this claim would not require consideration of matters outside the original record." *State v. Grimm* (April 25, 1997), Miami App. Nos. 96–CA–37 and –38 (citations omitted). The petitioner did not raise the sufficiency of the indictment on direct appeal, although he could have done so. Therefore, he is barred by res judicata from raising that issue now.

*State v. Thompson*, 5th Dist. Ashland No. 08 COA 018, 2008-Ohio-5332, ¶¶ 26-27.

**{¶25}** For those reasons, we hold that not only is Appellant's motion a delinquent motion for post-conviction relief, his arguments are barred by *res judicata* and cannot serve as the basis for the relief Appellant seeks.

**{¶26}** Appellant's first assignment of error arguably survives and must be addressed separately only because Appellant asserts the trial court lacked subject matter

jurisdiction to hear his case as a result of alleged defects in the indictment. We agree that a lack of subject matter jurisdiction may not be waived and may be raised at any time. *State v. Wilson,* 73 Ohio St.3d 40, 1995-Ohio-217, 652 N.E.2d 196 (1995), but we hold that the trial court had subject matter jurisdiction.

**{¶27}** Appellant asserts that the indictment was not delivered to the judge, but was filed directly with the clerk by the prosecutor and was not added to the trial docket, defects Appellant describes as fatal to an effective indictment.   Upon review of the record, we find that the indictment is proper in form, provides notice of the charges, is signed by the foreman of the grand jury and was filed with the Clerk on October 27, 2006.  We conclude that a valid indictment was returned and filed with the trial court and that the trial court obtained subject-matter jurisdiction over Appellant's case upon a valid indictment being returned and filed with the trial court. *State v. Pillow,* 2d Dist. Greene No.2010–CA–71, 2011–Ohio–4294, ¶ 18; *see also State v. Leigh*, 2nd Dist. Montgomery No. 18294, 2001-Ohio-1700. *State v. Rohde*, 2nd Dist. Montgomery No. 26087, 2014-Ohio-5580, ¶ 24.

**{¶28}** Appellant's reliance on the holding in *State v. Haynes*, 8th Dist. No. 102457, 2015-Ohio-4582, 46 N.E.3d 1136 is misplaced.  In that case "the trial court found that despite multiple hearings, there was no evidence establishing that the indictments *** were returned to the clerk of courts on or before April 26, 2014, the last day of the 20–year statute of limitations period" and that "[t]he state failed to meet its burden *** because although it is undisputed that the grand jury voted to indict the defendants on April 24, 2014, there is no evidence regarding when the grand jury voting sheets were returned to the clerk's office." *Haynes*, at ¶ 19.  In *State v. Ali*, 8th Dist. Cuyahoga No. 105534, 2017-

Ohio-6894, the Eighth District distinguished its holding in *Haynes*, and the same analysis fits this case:

> Unlike *Haynes*, the case against Ali commenced within the relevant statutory period. *** Therefore, no statute of limitations issue existed. Moreover, Ali assumes that the grand jury and delivery process testified to in *Haynes* occurred in his case. However, the record does not support Ali's speculative assertions that there was a defect in the grand jury proceedings and the prosecution against him was improper.

*State v. Ali*, at ¶ 8.

**{¶29}** The record shows that the grand jury voted to indict the Appellant and the indictment was filed with the court on October 27, 2006, well within the applicable statute of limitations. Because a valid indictment was returned and filed with the clerk, the trial court was vested with subject matter jurisdiction. Once the trial court has jurisdiction over the subject matter and the Appellant, and the Appellant is convicted, Appellant cannot collaterally attack the indictment. The "judgment of conviction is necessarily binding as between the state and the defendant and can only be set aside by a direct and not a collateral attack." Appellant's only remedy is a direct appeal. *Mills v. Maxwell*, 174 Ohio St. 523, 524, 190 N.E.2d 264, 264–65 (1963). Appellant failed to address the claimed defects in his original appeal, so res judicata bars any further argument regarding those issues.

**{¶30}** We hold that the trial court had subject matter jurisdiction and that Appellant's first assignment of error is overruled.

**{¶31}** For the forgoing reasons, Appellants' assignments of error are overruled and the decision of the Perry County Court of Common Pleas is affirmed.

By: Baldwin, J.

Delaney, P.J. and

Earle Wise, J. concur.